IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROD MARSHALL, TRUSTEE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ANDERSON EXCAVATING AND WRECKING CO., a/k/a ANDERSON EXCAVATING CO., <br><br> Defendant. | 8:14-CV-96 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on defendant Anderson Excavating and Wrecking Co.'s motion for judgment on the pleadings and/or alternative motion to dismiss (filing 49). For the reasons discussed below, the Court will deny the defendant's motion, but will enter an order to show cause as to why this action should not be stayed pending arbitration.

BACKGROUND

The plaintiffs are the International Union of Operating Engineers, Local 571 ("the Union"); and the trustees ("the Trustees") of both the Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan ("Welfare Plan") and the Contractors, Laborers, Teamsters and Engineers Pension Plan ("Pension Plan"). Filing 1 at ¶¶ 2–7. The two trusts were established by various construction labor unions and contractors to administer health benefits and a pension program for employees represented by the unions. Filing 1 at ¶ 4–5. Anderson Excavating is a Nebraska corporation. Filing 1 at ¶ 7.

According to the plaintiffs, in 2004, the Union and Anderson Excavating entered into a collective bargaining agreement (CBA). *See,* filing 1 at ¶ 8; filing 1-1 at 1. The plaintiffs allege that this CBA binds the parties to two separate trust agreements, which obligate Anderson Excavating to contribute to the Welfare Plan and Pension Plan, filing 1 at ¶ 8; submit to audits, filing 1 at ¶ 9; and deposit collateral for its payments to the Welfare Plan and Pension Plan, filing 1 at ¶ 13, 14. The plaintiffs allege that although Anderson Excavating has made contributions to the Welfare Plan and

1

Pension Plan, it has refused to allow the Trustees to audit its records, filing 1 at ¶ 9, and has not deposited collateral, filing 1 at ¶ 15.

The plaintiffs have sued Anderson Excavating under 29 U.S.C. § 185(a), 29 U.S.C. § 1132, and 29 U.S.C. § 1145 for specific performance of the CBA and the two trust agreements. Filing 1 at ¶ 1. The plaintiffs ask the Court to allow them to perform an audit of the defendant's records, to require the defendant to pay any amount still owing into the Welfare Plan and Pension Plan, to deposit collateral as security for the Welfare Plan and Pension Plan, and to pay the plaintiffs' costs and attorney fees. Filing 1 at ¶¶ 11, 16. The defendant counters that under the terms of the CBA, the plaintiffs were required to submit their dispute to arbitration, rather than filing suit. Filing 49 at ¶ 9. Thus, according to the defendant, this Court has no subject-matter jurisdiction over the dispute, and should either issue a judgment on the pleadings or dismiss the suit. Filing 49 at ¶ 1.

## STANDARD OF REVIEW

As a general rule, a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). A Rule 12(c) motion requires the Court to view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party. *Poehl v. Countryside Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Poehl*, 528 F.3d at 1096.

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged. *Id*. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. *Id*. at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id*. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly*, 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id*. at 556.

## ANALYSIS

The defendant argues that the Court has no subject-matter jurisdiction over this dispute because the CBA contains a provision requiring the plaintiffs to submit their dispute to arbitration rather than filing suit.[1] Filing 49 at ¶¶ 8, 9. The plaintiffs oppose the defendant's motion primarily on two grounds.

First, the plaintiffs oppose the defendant's motion on the ground that it fails to comply with NECivR 7.1(a)(1)(A), which provides, "A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. The brief must be separate from, and not attached to or incorporated in, the motion or index of evidence." The defendant has failed to file such a brief in this case. The Court does not endorse the defendant's failure to do so. However, a litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, *Kontrick v. Ryan*, 540 U.S. 443, 444 (2004), and the Court would be obliged to consider it *sua sponte* even if the parties had failed to raise the issue entirely. *See Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001). Accordingly—in this narrow instance—the Court chooses to overlook the defendant's noncompliance with the Court's local rules.

---

[1] The defendant also argues that the Union "fail[ed] to comply with statutory conditions precedent to filing suit." Filing 49 at ¶ 9. However, the defendant omits identifying these statutory conditions. As such, the Court is unable to determine whether the plaintiffs failed to meet them. Additionally, the defendant notes that it does not intend to waive either its statute of limitations defense, or its argument that the Court, in its previous summary judgment order (filing 45) incorrectly ruled that the CBA contained an evergreen clause. Filing 49 at ¶¶ 8, 10. The Court does not understand either of these assertions to be additional arguments in support of the defendant's instant motion, and therefore does not consider them in resolving the motion.

3

Second, the plaintiffs contend that the CBA's arbitration provision does not apply to the instant dispute. Filing 50 at 3–4. Because the parties' arguments depend in part on whether the Trustees and the Union have the same contract rights against the defendant, the Court analyzes the applicability of the dispute provision separately with respect to the Trustees and the Union.

(a) <u>The mandatory dispute provision and the Union</u>
Paragraph B of Article XII of the CBA provides in part:

> Any grievance or dispute as to the proper interpretation of this Agreement, or any condition of employment not specifically covered hereby other than the negotiation of over-all wage rates and disputes over jurisdiction, and any other grievance or dispute shall be settled by the Business Agent of the Union and the Contractor or its representatives. In the event that such dispute or grievance is not satisfactorily adjusted by said Business Agent and the Contractor within five (5) days from the time it is presented to the Contractor, it shall be referred to a Board of Conciliation . . . .

Filing 1-1 at 14. Paragraph B goes on to give specific instructions about deadlines and the makeup of the Board of Conciliation. Filing 1-1 at 14. It additionally provides that any determination of the Board shall be "final, conclusive and binding." Filing 1-1 at 14.

The Court finds that this clause clearly requires the Union and the defendant to submit their disputes to arbitration rather than initiating suit. And, indeed, the plaintiffs do not dispute this point: they note, "[T]he CBA . . . binds the Defendant and Local 571 to resolve their disputes with each other through arbitration." Filing 50 at 8.

However, contrary to the defendant's contention, this fact does not strip the Court of subject-matter jurisdiction. The Federal Arbitration Act (FAA) provides that a court, "upon being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration" under a written arbitration agreement, "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. In other words, the FAA authorizes a court to stay a proceeding when the dispute is referable to arbitration, but does not require dismissal for lack of subject-matter jurisdiction.

Some courts "rel[y] upon a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action

4

rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011). The Eighth Circuit has not expressly decided whether a district court has the discretion to dismiss instead of stay a proceeding under the FAA. *See Pickering v. Urbantus, LLC*, 827 F. Supp. 2d 1010, 1017 n.4 (S.D. Iowa 2011). However, among district courts there is "general acceptance in this circuit that only a stay is authorized." *Id.* at 1017. In any event, this Court is not convinced that it is "clear the entire controversy between the parties will be resolved by arbitration." *Green*, 653 F.3d at 770.

Therefore, with respect to the Union and the defendant, the Court denies the motion to dismiss. Instead, the Court orders the Union and defendant to show cause as to why the Court should not stay these proceedings pending arbitration according to the terms of the CBA.

(b) <u>The mandatory dispute provision and the Trustees</u>

Although it seems clear that the mandatory dispute provision binds the Union and the defendant, it is less clear why the provision should bind the Trustees. The defendant argues that because it is not a signatory to either trust agreement, any obligation to abide by the terms of the trust agreements necessarily derives from the CBA. Filing 49 at ¶ 8. Thus, the defendant argues, any dispute regarding its obligations to the trusts should be controlled by the terms of the CBA, including the mandatory dispute provision. Filing 49 at ¶ 8.

The defendant's argument, as the Court understands it (though the defendant has cited no authority in support of its position), is premised on "the general rule that the promisor may assert against [a] beneficiary any defense that [it] could assert against the promisee if the promisee were suing on the contract." *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 370 (1984). However, the Supreme Court has held that this general rule does not apply when "the language of the contract, or the circumstances under which it was executed, establish that the parties have provided that the right of the beneficiary is not to be affected by any defenses that the promisor might have against the promisee." *Id.* at 371.

In *Robbins*, the Court found that the trustees of two multiemployer trust funds were not bound by a mandatory dispute provision in the collective-bargaining agreement between a union and an employer for several reasons. *Id.* at 376. First, the provision in the agreement clearly referenced only disputes between the union and the employer, not the trustees. *Id.* at 373. Second, the trust agreements themselves provided that the trustees could initiate any legal proceedings they deemed necessary. *Id.* Third, the

5

Court noted that it "will not infer that the parties to the two multiemployer trust funds intended to condition the trustees' enforcement authority on the arbitration procedures contained in" individual employers' collective-bargaining agreements. *Id.* at 374.

In this case, the plaintiffs argue that the language of the CBA, as well as surrounding circumstances, indicate that the mandatory dispute provision was not intended to apply to the Trustees. Filing 50 at 10. And, indeed, the facts here are nearly identical to those in *Robbins*. First, as in *Robbins*, the dispute provision refers only to disputes between the Union and the employer: it specifies that disputes are to be handled by "the Business Agent of the Union and the Contractor or its representatives." Filing 1-1 at 14. Furthermore, it includes no language suggesting that third-party beneficiaries are required to participate, nor does it indicate that the Union should represent the interests of third-party beneficiaries in arbitration.

Additionally, like in *Robbins*, each trust agreement contains a clause preserving the authority of the Trustees to enforce the trust agreements through litigation: the Welfare Plan states that "[t]he Trustees may take any legal action necessary to enforce payment of the contributions," filing 1-2 at 7, and the Pension Plan states that "the Trustees in their discretion and to the extent permitted by law[] may bring legal action to compel payment," filing 1-3 at 13. Finally, as in *Robbins*, the trusts at issue are large, multiemployer trusts, filing 1 at ¶¶ 4–5, and the parties are unlikely to have intended to subordinate the enforceability of their trust agreements to the varying terms that individual employers and unions might agree to.

Thus, the Court finds that the Trustees are not bound by the dispute provision in the CBA. However, the FAA grants courts the authority to stay "*any* suit . . . brought in any of the courts of the United States upon *any* issue referable to arbitration." 9 U.S.C. § 3 (emphasis supplied). This authorization is "broad enough to permit the stay of litigation between nonarbitrating parties as long as that lawsuit is based on issues referable to arbitration" under the FAA. *Contracting Northwest v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983). Here, the Union and the Trustees are all seeking to enforce the defendant's obligation to comply with the terms of the trust agreements. Furthermore, staying the proceedings as to one plaintiff but not the others could subject the defendant to inconsistent obligations and cause confusion. *See id.* (discussing a district court's "inherent power" to grant a stay to "control its docket, conserve judicial resources, and provide for a just determination").

Thus, the Court denies the defendant's motion for judgment on the pleadings or in the alternative motion to dismiss, but orders the parties to

show cause why the Court should not stay these proceedings pending arbitration between the Union and the defendant.

IT IS ORDERED:

1. The defendant's motion for judgment on the pleadings, or in the alternative, motion to dismiss (filing 49) is denied.

2. The parties are ordered to show cause by November 20, 2015, as to why the Court should not stay this action pending arbitration between the Union and the defendant.

Dated this 10th day of November, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge