IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROD MARSHALL, TRUSTEE, et al., | |
| Plaintiffs, | 8:14-CV-96 |
| vs. | |
| ANDERSON EXCAVATING AND WRECKING CO., a/k/a ANDERSON EXCAVATING CO., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on an Order to Show Cause as to why the Court should not stay this action pending arbitration. Filing 51. For the reasons stated below, the Court will not stay this action pending arbitration.

BACKGROUND
(a) Factual Background

The plaintiffs are the International Union of Operating Engineers, Local 571 ("the Union"); and the trustees ("the Trustees") of both the Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan ("Welfare Plan") and the Contractors, Laborers, Teamsters and Engineers Pension Plan ("Pension Plan"). Filing 1 at ¶¶ 2–7. The two trusts were established by various construction labor unions and contractors to administer health benefits and a pension program for employees represented by the unions. Filing 1 at ¶ 4–5. Anderson Excavating is a Nebraska corporation. Filing 1 at ¶ 7.

According to the plaintiffs, in 2004, the Union and Anderson Excavating entered into a collective bargaining agreement (CBA). *See,* filing 1 at ¶ 8; filing 1-1 at 1. The plaintiffs allege that this CBA binds the parties to two separate trust agreements, which obligate Anderson Excavating to contribute to the Welfare Plan and Pension Plan, filing 1 at ¶ 8; submit to audits, filing 1 at ¶ 9; and deposit collateral for its payments to the Welfare Plan and Pension Plan, filing 1 at ¶ 13, 14. The plaintiffs allege that although Anderson Excavating has made some contributions to the Welfare Plan and Pension Plan, it has refused to allow the Trustees to audit its records, filing 1 at ¶ 9, and has not deposited collateral, filing 1 at ¶ 15.

1

The plaintiffs have sued Anderson Excavating under 29 U.S.C. § 185(a), 29 U.S.C. § 1132, and 29 U.S.C. § 1145 for specific performance of the CBA and the two trust agreements. Filing 1 at ¶ 1. The plaintiffs ask the Court to allow them to perform an audit of the defendant's records, to require the defendant to pay any amount still owing into the Welfare Plan and Pension Plan, to deposit collateral as security for the Welfare Plan and Pension Plan, and to pay the plaintiffs' costs and attorney fees. Filing 1 at ¶¶ 11, 16.

(b) <u>Procedural Background</u>

The plaintiffs filed their complaint on March 25, 2014. Filing 1. The defendant filed an answer on May 16, 2014, filing 10, after a motion for extension of time, filing 8. In that answer, the defendant raised the affirmative defense that the "Court lacks jurisdiction over this dispute pursuant to Section B of Article XII of the Collective Bargaining Agreement." Filing 10 at 3. Section B of Article XII is an arbitration provision. Filing 1-1 at 14. However, the defendant did not move to stay proceedings or to compel arbitration at that time. In the months following, the parties had two Rule 26(f) planning meetings, filings 13 and 32, attended scheduling conferences with the Magistrate Judge, filings 33 and 47, made initial disclosures, filing 17, and designated experts, filing 23. On January 29, 2015, the defendant filed an amended answer to the complaint, which restated its affirmative defense as to the arbitration provision. Filing 37 at 3. But the defendant still did not move to compel arbitration and stay the proceedings.

Afterward, the parties engaged in extensive discovery: the defendant served interrogatories, requests for production of documents, and requests for admissions on the plaintiffs, filing 39, and responded to the plaintiffs' interrogatories and requests for production of documents, filing 38. On June 11, 2015, shortly after the deadline for taking depositions had passed, filing 33, the defendant filed a "motion for partial summary judgment." Filing 40. The defendant asked the Court to grant summary judgment on the ground that the defendant was not a party to the two trust agreements, and that to the extent that CBA bound the defendant to the trust agreements, that CBA had expired. Filing 40 at 2. The defendant included a footnote indicating that it did not intend its motion to waive the "many additional defenses and theories that preclude recovery by the Plaintiffs, including but not limited to for the reason that the facts do not justify any relief." Filing 41 at 3. The Court denied summary judgment, finding as a matter of law that the CBA contained an evergreen clause. Filing 45 at 5.

The case was scheduled for trial on September 30, 2015. Filing 47. The parties proceeded to a pretrial conference with the Magistrate Judge on September 21, 2015. Filing 48 at 2. At this pretrial conference, "defense

counsel explained defendant['s] theory regarding why this court lacks subject matter jurisdiction." Filing 48 at 1. The Magistrate Judge ordered the defendant to file a motion to dismiss for lack of subject matter jurisdiction by October 1, 2015, and continued the pretrial conference and trial. Filing 48 at 1-2.

On October 1, the defendant moved for judgment on the pleadings or in the alternative for dismissal, arguing that under the terms of the CBA, the plaintiffs were required to submit their dispute to arbitration, rather than filing suit. Filing 49 at ¶ 9. The defendant argued that, as a result, this Court has no subject-matter jurisdiction over the dispute, and requested that the Court either issue a judgment on the pleadings or dismiss the suit. Filing 49 at ¶ 1. The plaintiffs countered that the CBA required only the Union, and not the Trustees, to submit to arbitration, and that therefore the defendant's motion should be denied. Filing 50 at 3.

In its memorandum and order, the Court found that the CBA contained a mandatory arbitration provision binding the Union and the defendant. Filing 51 at 5. The Court concluded that this fact did not deprive the Court of subject-matter jurisdiction, but that instead it might require the Court to compel arbitration. Filing 51 at 5. The Court further found that this provision did not bind the Trustees; however, it ordered the parties to show cause as to why the Court should not stay the entire action pending arbitration between the Union and the defendant. Filing 51 at 6–7. The parties each filed briefs; the plaintiffs oppose the stay, filing 52, while the defendant supports it, filing 53.

## ANALYSIS

The plaintiffs advance three primary arguments in opposition to a stay pending arbitration. First, the plaintiffs contend that the Union has no standing to enforce the defendant's obligations to contribute to the trusts. Filing 52 at 4. Second, the plaintiffs argue that staying the action would be unwise because the arbitrator's decision would not bind the Trustees, and could subject the defendant to inconsistent obligations. Filing 52 at 6. Third, the plaintiffs argue that either the statute of limitations to request arbitration has expired, or that the defendant has waived arbitration. Filing 52 at 6. For the reasons stated below, the Court finds that the defendant has waived arbitration. Consequently, it does not reach the plaintiffs' other arguments.

A party claiming the right to arbitration has waived that right when it "(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." *Ritzel Commc'ns, Inc. v. Mid-Am. Cellular Tel. Co.*, 989 F.2d 966, 968-69 (8th Cir.

3

1993). Because Congress has expressed a strong policy in favor of arbitration, "any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." *Id.*

### (a) Knowledge

Here, it seems clear that the defendant knew of its right to arbitration; it asserted this right in both its answer, filing 10 at 3, and its amended answer, filing 37 at 3, and the defendant was a signatory to the CBA containing the arbitration clause, filing 1-1 at 17.

### (b) Inconsistent Acts

A party acts inconsistently with its right to arbitrate if the party substantially invokes the litigation machinery before asserting its arbitration right. *Southeastern Stud & Components, Inc. v. Am. Eagle Design Build Studios, LLC*, 588 F.3d 963, 968 (8th Cir. 2009). "To safeguard its right to arbitration, a party must 'do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration.'" *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1091 (8th Cir. 2007) (quoting *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)).

The Eighth Circuit has held that in determining whether a party has substantially invoked the litigation machinery, the district court should "consider the totality of the circumstances." *ABF Freight System v. International Brotherhood of Teamsters*, 728 F.3d 853, 863 (8th Cir. 2013). Acts substantially invoking the litigation machinery can include, for example, initiating a lawsuit on arbitrable claims, "engag[ing] in extensive discovery," "fail[ing] to move to compel arbitration and stay litigation in a timely manner," or, in some circumstances, filing a motion to dismiss on the merits. *Id.* at 862–63. In this case, the totality of the circumstances demonstrates that the defendant has substantially invoked the litigation machinery.

To begin with, the defendant substantially invoked the litigation machinery when it filed a motion for partial summary judgment on the ground that the CBA expired and that the trust agreements were therefore no longer in effect. Filing a motion to dismiss or other dispositive motion often, though not always, operates as a waiver of arbitration because "a request to dispose of a case on the merits before reaching arbitration is inconsistent with resolving the case through arbitration." *Hooper v. Advance America, Cash Advance Centers of Missouri, Inc.*, 589 F.3d 917, 921 (8th Cir. 2009) (internal quotation marks and citations omitted).

In *ABF Freight System*, the Eighth Circuit held that a motion to dismiss based on the theory that a contract had been abandoned was not inconsistent with a right to arbitration. 728 F.3d at 864–65. The Eighth Circuit reasoned that such a motion to dismiss was both proper and desirable

4

because it simply requested a threshold judicial determination of whether an arbitration contract existed in the first place. *Id.* at 864. The Eighth Circuit explained that it would have been unfairly prejudicial to require a party to simultaneously invoke an arbitration clause and argue that it was invalid. *Id.* Additionally, the defendants in that case did not serve discovery requests, move to continue the case, or otherwise "actively litigate[] a case for an extended period." *Id.* at 864–65.

This case is distinguishable from *ABF Freight System* for two reasons. First, in *ABF Freight System*, the validity of the arbitration clause depended on the court's determination of the validity of the entire contract containing the arbitration clause. *Id.* Here, however, the validity of the arbitration clause was unaffected by the determination of whether the CBA was expired. There is a presumption that the duty to arbitrate disputes under an agreement outlasts the date of expiration. *Koch v. Compucredit Corp.*, 543 F.3d 460, 466 (8th Cir. 2008). Therefore, the duty to arbitrate is limited not by the expiration of the CBA, but by the scope of the arbitration clause itself. Here, the arbitration clause provides that "[a]ny grievance or dispute as to the proper interpretation of this Agreement" is arbitrable. Filing 1-1 at 14. The question whether the CBA was expired clearly falls within the scope of this provision. The defendant apparently agrees; it candidly takes the position that if this case is submitted to arbitration, the arbitrator will be tasked with determining anew when or if the CBA expired. Filing 53 at 5. Thus, the validity of the arbitration clause did not depend on the Court's determination of whether the CBA expired in 2006.

Second, unlike in *ABF Freight System*, other circumstances in this case demonstrate that the defendant's motion was not intended to aid "the earliest feasible determination of whether to proceed judicially or by arbitration." *See Lewallen*, 487 F.3d at 1091. The defendant filed its motion for summary judgment only after discovery was complete. *See* filing 40. However, its motion was based not on facts uncovered in depositions, but on a straightforward argument of contract interpretation. The defendant could have made this argument in a motion to dismiss before commencing discovery. In sum, the defendant's motion for summary judgment substantially invoked the litigation machinery in a way that was inconsistent with an assertion of its right to arbitration.

But even setting aside the motion for summary judgment, the defendant did not "move to compel arbitration and stay litigation in a timely manner." *ABF Freight System*, 728 F.3d at 862–863. Although the defendant set forth the arbitration clause in its answer, filing 10 at 3, it did not request that the Court compel arbitration and stay the proceeding at that time. Instead, the defendant actively engaged in discovery for months before

raising the arbitration clause to the Court. It served interrogatories, requests for production of documents, and requests for admissions on the plaintiffs, filing 39, and responded to the plaintiffs' interrogatories and requests for production of documents, filing 38. This discovery was unnecessary for the defendant either to make its summary judgment motion—which raised a straightforward question of contract interpretation—or to move to compel arbitration.

All told, the defendant waited over a year and a half to bring the issue to the Court's attention at the pretrial conference—after the completion of discovery, after the determination of one potentially dispositive motion, and a mere 9 days before trial was set to commence. Even then, the defendant did not file a motion to compel arbitration, but merely explained orally to the Magistrate Judge that the defendant sought to invoke the arbitration clause. Filing 48 at 1.

The defendant finally filed a motion only after instructed to do so by the Magistrate Judge. *See,* filing 48 at 1; filing 49. However, in that motion the defendant still did not request the Court to compel arbitration and stay the proceeding. Instead, it claimed that the arbitration clause required outright dismissal. Filing 49 at 4. The defendant has, in fact, done precisely nothing to actually put the merits of this case before an arbitrator, or any other factfinder. Rather, the defendant has "actively litigate[d] [the] case for an extended period only to belatedly assert that the dispute should have been arbitrated, not litigated, in the first place." *ABF Freight System*, 728 F.3d at 865 (quoting *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 209 (3d Cir. 2010)). The defendant's actions are inconsistent with a right to arbitration.

(c) Prejudice to the Plaintiffs

It seems clear that the plaintiffs would be prejudiced if the Court compelled arbitration and stayed the proceedings. At this point, the plaintiffs have already conducted discovery, responded to a potentially dispositive motion, and made extensive preparations for trial. Filing 52 at 10; *see Ritzel Commc'ns, Inc.,* 989 F.2d at 971 (finding prejudice based in part on the fact that parties had filed "a flurry of costly and time-consuming filings required by court order" before trial). For the Court to compel arbitration and stay the proceedings on the very eve of trial and after extensive litigation would be unfairly prejudicial. Thus, the Court finds that the defendant waived its right to arbitration.

IT IS ORDERED:

1. This case will not be stayed.

2. The parties are directed to contact the Magistrate Judge for purposes of either confirming the present trial date or setting a new trial date.

3. The plaintiff's motion for leave to file a response to show cause order (filing 54) is denied as moot.

Dated this 30th day of November, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge