IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROD MARSHALL, *et al.*, | |
| Plaintiffs, | 8:14-CV-96 |
| vs. | |
| ANDERSON EXCAVATING AND WRECKING CO., a.k.a. ANDERSON EXCAVATING CO., | ORDER |
| Defendant. | |

    This matter is before the Court on the defendant's motion for new trial (filing 81). The defendant's motion generally presents three arguments: the defendant argues that the Court erred by (1) amending the pleadings to conform to the evidence, (2) awarding damages for Jose Tovar's covered work, and (3) awarding prejudgment interest. *See* filing 82. The Court finds no merit to the defendant's arguments, and will deny the motion for new trial.[1]

    To begin with, the defendant reiterates its claim that it was somehow surprised at trial to be confronted with the theory that it had, by its conduct, accepted CBAs subsequent to the 2004 CBA. Filing 82 at 2-5. The Court recognizes that surprise during trial, by major variance in theory of recovery or defense, undisclosed until after the trial is underway, is a long-established ground for granting a new trial motion. *Lampkins v. Thompson*, 337 F.3d 1009, 1013 (8th Cir. 2003). But the Court, for the reasons explained in its Findings of Fact and Conclusions of Law (filing 77), is unpersuaded by the defendant's claim to have been surprised. Filing 77 at 12-13.

    The defendant places great reliance on the pretrial order (filing 65), but that order quite expressly identifies the controverted issue of "[w]hether the collective bargaining agreement between International Union of Operating Engineers, Local 571 and Anderson Excavating was terminated, modified or

---

[1] The defendant's motion also suggests that it is entitled to a new trial based upon "newly discovered evidence," filing 81 at 3, but the defendant did not identify what that evidence was or why it would warrant a new trial.

replaced by another agreement sometime after April 30, 2006[.]" Filing 65 at 4. If the defendant was surprised at trial, it should not have been.[2]

Second, the defendant argues that the Court erred in finding the defendant liable for delinquent contributions for 100% of the work Tovar performed on the StratCom project and 15% of Tovar's other work. *See* filing 77 at 17-19. The defendant contends that the Court erred in considering an alter ego theory, and in finding that the defendant was liable because it had not kept accurate records of Tovar's work. Filing 82 at 5-7.

But the defendant's motion does not take issue with the Court's explanation of the legal framework for these issues, which makes a difference: the plaintiff has the threshold burden to produce evidence showing that the defendant failed to report some covered work performed by its employees, after which the burden shifts to the employer to produce evidence of the precise amount of work performed or negate the inference drawn from the plaintiff's evidence. Filing 77 at 14. Nor does the defendant take issue with the Court's finding that the plaintiff met its initial burden with respect to Tovar, shifting the evidentiary burden to the defendant. Filing 77 at 17.

So, when the defendant argues that records were not maintained for Tovar because he was an employee of Anderson Excavating Plus, not Anderson Excavating, that is an explanation for the defendant's failure to meet its evidentiary burden—but it is not an excuse. It was the defendant's office manager who estimated that Tovar spent 15% of his time at job sites, and the Court found that evidence to be credible. *See* filing 77 at 10, 17. It was the defendant's burden to account for the time that Tovar spent working at its job sites, and it failed to do so.

Nor can the Court hold the plaintiffs' failure to plead an alter ego theory against it when the Court can find no indication in the record that the defendant, prior to trial, asserted a denial or defense premised on the supposed corporate distinction between itself and Anderson Excavating Plus.[3] A separate corporate entity that employs workers who perform tasks at job

---

[2] The defendant also presents the plaintiffs' initial complaint as a "judicial admission" that the 2004 CBA was binding. But that argument is also disposed of by constructive amendment of the pleadings. *See*, *Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1249 n.3 (8th Cir. 1987); *Fruco Const. Co. v. McClelland*, 192 F.2d 241, 245 (8th Cir. 1951).

[3] The Court notes that many issues at trial might have been more clear had the defendant not failed to file the trial brief and proposed findings of fact and conclusions of law that were *required* of it pursuant to the pretrial order and this Court's local rules. *See*, filing 65 at 8; NECivR 39.2(a); NECivR 52.1. Thus, at this stage, the Court is unimpressed by the defendant's complaint about supposedly being surprised at trial.

sites, thereby avoiding collective bargaining agreements and pension obligations, is precisely the sort of chicanery that ERISA does not permit. *E.g.*, *Trustees of Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, 371 F. App'x 654, 660 (6th Cir. 2010); *Cent. States, Se. & Sw. Areas Pension Fund v. Sloan*, 902 F.2d 593, 598 (7th Cir. 1990).

Nor is the Court persuaded by the defendant's contention that, had it known that an alter ego theory might be at issue, it would have called witnesses "to testify regarding the corporate formalities and the distinctions between both companies" such as "separate books and records" and the "corporate formalities observed." Filing 82 at 3. The test is not whether corporate formalities are observed—to the contrary, it is whether the businesses have independent existence "in form only." *Greater Kansas City Laborers Pension Fund v. Superior Gen. Contractors, Inc.*, 104 F.3d 1050, 1055 (8th Cir. 1997). The point of the test is that formalities are not enough, and nothing the defendant suggests could have been proffered would rebut the course of conduct upon which the Court's conclusion was based. *See* filing 77 at 18.

Finally, the defendant complains that there is no basis to award prejudgment interest. But 29 U.S.C. § 1132(g)(2) requires the Court to award interest or liquidated damages as provided by the benefits plan. The defendant cannot complain that a request for interest was not pled when the statute requires it, and when the complaint sought specific performance of an agreement that, through the benefits plan, also requires it. *See*, filing 1 at 4-5; exhibit 8. Nor has the defendant provided any legal basis for its argument that Nebraska state law limits the remedies for this federal claim. The defendant also suggests that 26 U.S.C. § 6621 sets the appropriate interest rate. Filing 81 at 15-16. But in this ERISA case, 29 U.S.C. § 1132(g)(2) is controlling.

IT IS ORDERED that the defendant's motion for new trial (filing 81) is denied.

Dated this 20th day of March, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge