IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROD MARSHALL, *et al.*, | |
| Plaintiffs, | 8:14-CV-96 |
| vs. | |
| ANDERSON EXCAVATING AND WRECKING CO., a.k.a. ANDERSON EXCAVATING CO., | ORDER |
| Defendant. | |

    This matter is before the Court on the plaintiffs' Motion and Application for Award of Attorneys' Fees, Interest, Liquidated Damages, and Auditing Costs (filing 79). The Court will award prejudgment interest in the amount of $8,717.96, liquidated damages in the amount of $8,717.96, attorney's fees in the amount of $38,331, and nontaxable costs in the amount of $516.50.

PREJUDGMENT INTEREST

    The Court begins with the prejudgment interest. The defendant does not contest the plaintiffs' calculation of the amount; rather, the defendant objects to awarding prejudgment interest at all, and argues that the interest rate used was incorrect. Filing 86 at 16-17. The defendant's arguments are the same as those raised in its motion for new trial (filing 81), and are discussed and rejected in the Court's separate ruling on that motion (filing 88).

LIQUIDATED DAMAGES

    The defendant's objection to the plaintiffs' liquidated damages request is that it is inconsistent with the Court's Findings of Fact and Conclusions of Law (filing 77), which according to the defendant found that "the total liquidated damages could not exceed $2,391.39 (20% of $11,956.96)." Filing 86 at 17. But that is not what the Court held: the Court held that 29 U.S.C. § 1132 requires an award of "'an amount equal to the greater of' either 'interest on the unpaid contributions' or 'liquidated damages provided for under the plan in an amount not in excess of 20 percent' of the total delinquent contributions." Filing 77 at 21. So, the Court explained,

> The Delinquent Policy and Procedure document introduced at trial provides for liquidated damages in the amount of $0.02 per hour of work per month that the contribution on that month was delinquent. Accordingly, the Court will order the defendant to pay the greater of (1) the amount of the interest on the unpaid contributions, to be calculated in accordance with the Delinquent Policy and Procedure document, or (2) the amount of liquidated damages, to be calculated in accordance with the Delinquent Policy and Procedure document, and not to exceed $2,391.39 (20% of $11,956.96).

Filing 77 at 21. Because the interest on the unpaid contributions proved to be the greater amount, a liquidated damages award of $8,717.96 is warranted.

### ATTORNEY'S FEES

The defendant takes issue with the plaintiffs' fee request on several grounds. Most generally, the defendant complains that the fee request is

> exorbitant given the amount actually recovered. A majority of the fees are unnecessary and the result of the Plaintiffs' failure to exercise remedies available to it and to properly plead its case prior to the close of discovery. Plaintiff did not succeed in the vast majority of its claims against the Defendant and for those claims it did succeed upon (thus far), the Plaintiff[s] did not even plead a proper theory of relief.

Filing 86 at 2. The Court finds some of the defendant's arguments persuasive, but others less so.

First, the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. After determining this amount, a district court may consider other factors, including the results obtained, to adjust the fee upward or downward. *Smith v. AS Am., Inc.*, 829 F.3d 616, 623 (8th Cir. 2016). But the Court is confused from the start by the documentation submitted by plaintiffs' counsel.

The Court has been presented with what are effectively two sets of bills for the same services. *See* filing 79-1 at 17-121. That makes a certain degree of sense: the billing suggests that the Health and Welfare Plan and Pension Plan were billed separately. But the plaintiffs' evidence indicates that counsel's hourly rate of $155 was fair and reasonable. *See*, filing 79-3; filing 87-1. There are two problems with that. The first is basic mathematics: the bills reflect charges at an hourly rate of $150. The second is that billing for the same services twice at $150 an hour means that the effective rate is $300

- 2 -

per hour. And the plaintiffs are clearly representing that the two plans were each charged for each bill. *See* filing 79-1 at 16.

It is not clear how the Court is to make sense of this, but the bottom line is that the only evidence before the Court regarding an hourly rate for the plaintiffs' counsel is that $155 per hour is fair and reasonable. Adjusting the $150 rate reflected in the billing to $155 per hour, and eliminating duplicate billing, results in total attorney's fees of $38,331.[1]

But the Court is not persuaded that the plaintiffs' ultimate recovery warrants a reduction in the fee award. The Court notes the Eighth Circuit's reasoning in *Farmers Co-op Co. v. Senske & Son Transfer Co.*, in which the Court of Appeals discussed the propriety of a trial court's order adjusting a fee award upward. 572 F.3d 492, 500-01 (8th Cir. 2009). The Court of Appeals explained that it found

> no abuse of discretion in the upward adjustment. Here, the court reasonably determined that the adjustment was appropriate based on the skill displayed by [Plaintiff]'s counsel, the exceptional result obtained in the case, and the risk taken by [Plaintiff] and its counsel in expending well over $100,000 in legal fees and costs, when [Plaintiff]'s actual damages were only $42,370.47. Further, it appears that [Defendant]'s conduct and unsuccessful litigation strategies—i.e., [Defendant]'s failed efforts to withhold certain discovery information, its ultimately-dismissed claims against a third party, its unsuccessful summary judgment motion, its flurry of unsuccessful pretrial motions, and its refusal to stipulate to certain key facts—were the principal forces driving the high litigation costs.

*Id.* While the Court is not adjusting the award upward here, similar circumstances are present, and a downward adjustment is certainly unwarranted.

---

[1] While the defendant raises questions about several line items, *see* filing 86 at 3-8, the Court has examined the plaintiffs' evidence regarding attorney's fees and finds the hours expended, and the charges included in counsel's billing, to be reasonable. The Court is sympathetic to the defendant's argument that the plaintiffs' counsel should have had more regard for the fee application guidelines set forth in NECivR 54.4, but those are *guidelines*, and failure to strictly adhere to them is not fatal to recovery. The Court also notes the defendant's suggestion that the plaintiffs are double-billing for different proceedings brought by Local 571 before the National Labor Relations Board. Filing 86 at 8-11. The Court accepts the plaintiffs' explanation that the union was represented by different counsel in the NLRB proceeding, but that the NLRB proceeding was sufficiently related to this case to warrant counsel's attention. Filing 87 at 8-11.

The Court recognizes that in awarding attorney's fees, the most critical factor is the degree of success obtained. *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). The Court also recognizes that a reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. *Geissal ex rel. Estate of Geissal v. Moore Med. Corp.*, 338 F.3d 926, 936 (8th Cir. 2003). But the Court finds that the defendant's conduct was at least equally responsible for the scope of the litigation. And, the Court notes, the nonmonetary aspects of the award are important to the plaintiffs, regardless of the arrearages ultimately recovered.

The defendant attempts to characterize this litigation as being the product of unreasonable conduct by the plaintiffs—that if the plaintiffs had simply pled their claims better, or asked for less in the first place, why, then the defendant would have quickly seen the error of its ways and none of this would have been necessary. But the defendant's consistent position throughout this litigation was that it was not bound by a collective bargaining agreement at all. *See*, filing 41; filing 49; filing 76. Even post-trial, the defendant was insisting that it was not liable for any arrearage. *See* filing 76. It is hard to square that position with the claim that the defendant would have willingly surrendered had the plaintiffs demanded just a little less.[2]

The defendant also argues that attorney's fees are unavailable because it offered to confess judgment in the amount of $22,500 on March 2, 2016. Filing 86 at 13. So, according to the defendant, the plaintiffs' recovery of only $11,956.96 means that, pursuant to Fed. R. Civ. P. 68, charges after March 2 are not chargeable. The Court finds no merit to that argument, for several reasons. To begin with, by its terms, Rule 68 requires a settlement offer to be made "[a]t least 14 days before the date set for trial," and in this case, trial began 12 days after the March 2, 2016 offer. *See* filing 71. In addition, the Court notes that it has not been presented with *evidence* of the purported offer. This is particularly problematic because the parties disagree about the nature of the offer. The defendant claims that

> [h]ad the Plaintiffs' [sic] accepted the offer of confession of judgment they would have been entitled to the non-monetary remedies requested in the Complaint, would have had judgment of $22,500 for the supposedly unpaid contributions, liquidated

---

[2] The Court also notes the defendant's argument that fees are unwarranted because the dispute could have been arbitrated or mediated. Filing 86 at 12-13. There is no authority for the proposition that failing to arbitrate or mediate a dispute precludes an award of costs and fees—after all, arbitration or mediation are an option in any case, but access to the courts is a fundamental right of every citizen. *See Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1427 (8th Cir. 1986).

> damages and interest, and would have then been entitled to seek a reasonable attorney fee based upon such a recovery.

Filing 86 at 13. But, the plaintiffs claim that the offer would not necessarily have included non-monetary relief sought by the plaintiffs. *See* filing 87 at 7. Money damages are not the only measure of whether a plaintiff has obtained a "more favorable" judgment under Rule 68. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 837 (6th Cir. 2005); *see Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 230 (2d Cir. 2006). It is difficult to compare monetary relief with non-monetary relief, *Reiter*, 457 F.3d at 230, and in the absence of evidence, the Court cannot resolve the dispute.

In addition, because the plaintiffs' claim would entitle them to costs and fees if they prevailed, whether the defendant's offer was truly "more favorable than the unaccepted offer" requires costs and fees to be included as part of the recovery. *Scheeler v. Crane Co.*, 21 F.3d 791, 793 (8th Cir. 1994). "This is the only way in which the offer can be fairly matched against the recovery." *Id.* The Court is awarding more than $22,500 for unpaid contributions, liquidated damages, and interest—as a result, and particularly considering the lack of evidence, the Court finds that the defendant has failed to demonstrate that its rejected offer was "more favorable" than the plaintiffs' ultimate recovery. *See*, *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013) (burden of proof); *Reiter*, 457 F.3d at 231 (same).

## NONTAXABLE COSTS

Finally, the Court considers nontaxable costs—and the distinction between "taxable" and "nontaxable" costs is important from the outset, because the plaintiffs did not file a bill of costs. NECivR 54.1(b) provides that "[a] party entitled to recover costs must file within 30 days after entry of judgment a verified bill of costs" on the appropriate form provided by the Court. A party failing to file a bill of costs within the time allowed waives taxable costs. NECivR 54.1(d). But "costs" for purposes of a bill of costs do not include attorney's fees, NECivR 54.1(e); instead,

> [w]here a party may be entitled to receive attorney's fees and related nontaxable expenses, the court may order, on its own or a party's motion, the time and method of making showings regarding a fee award. Otherwise, Federal Rule of Civil Procedure 54(d)(2) controls the time and method for filing a claim for attorney's fees and related nontaxable expenses.

NECivR 54.3(a). So, taxable costs must be presented to the Court through a bill of costs, but nontaxable costs need not be.

The plaintiffs did not file a bill of costs. Instead, the plaintiffs included a number of costs in their attorney's fee request, and separately documented auditing expenses. *See* filing 79-1. The costs encompassed in the attorney's fee documentation fall into four categories: filing fees, court reporter fees, postage, and copies.³ Of those, pursuant to the Court's Bill of Costs Handbook, filing fees and court reporter fees are clearly taxable costs. Because the plaintiffs failed to abide by the Court's local rules for taxation of costs, the Court will not award those costs. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 764 (8th Cir. 2006). Postage, on the other hand, is clearly a nontaxable cost, and has not been waived by failure to file a bill of costs. So, the plaintiffs may recover $41.50 for postage expenses.

Photocopying is more of a problem, because some copying costs are taxable under the Bill of Costs Handbook, and others are not. *See also* 18 U.S.C. § 1920(4). And the plaintiffs' evidence provides the Court no basis to determine which copying expenses might have been taxable, and which were not. But NECivR 54.4 is intended to provide guidance for Rule 54 motions regardless of whether a Bill of Costs is filed, and it suggests that for photocopies, an application for costs should "state the items copied, why they were copied, how they were used, and the number of pages copied." NECivR 54.4(b)(1). The Court concludes that failure to consider that suggestion should have consequences: because the Court cannot tell whether the plaintiffs' photocopying expenses should have been included in a bill of costs, the Court will assume that they should have been.

Finally, the plaintiffs seek to recover auditing costs of $3,830. Accountant's expenses are not taxable pursuant to the Bill of Costs Handbook, so they have not been waived. But the Court is unpersuaded that all of the plaintiffs' auditing expenses may be recovered as "costs." The auditing expenses are based on two invoices: one for $3,355 dated January 31, 2014; and one for $475 dated November 26, 2014. But this case was not filed until March 25, 2014. *See* filing 1. In other words, it appears that the initial invoice for auditing costs was a bill for the work that gave rise to this litigation—and, as such, it should have been pursued as damages, not as a litigation cost. The second invoice, however, was for work performed well after the case was filed, so the Court finds that it is recoverable as an expense associated with the litigation. The Court will award $475 for auditing expenses, for a total nontaxable cost award of $516.50.

IT IS ORDERED:

---

[3] It appears to the Court that those costs, labeled as "disbursements," were apportioned evenly between the two plans.

- 6 -

1. The Court awards prejudgment interest to the plaintiffs in the amount of $8,717.96.

2. The Court awards liquidated damages to the plaintiffs in the amount of $8,717.96.

3. The Court awards attorney's fees to the plaintiffs in the amount of $38,331.

4. The Court awards nontaxable costs to the plaintiffs in the amount of $516.50.

Dated this 20th day of March, 2017.

BY THE COURT:

_____
John M. Gerrard
United States District Judge