IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROD MARSHALL, Trustee, et al., | |
| Plaintiffs, | 8:14-CV-96 |
| vs. | |
| ANDERSON EXCAVATING AND WRECKING CO., | MEMORANDUM AND ORDER |
| Defendant. | |

The background of this case is set forth in the Court's findings of fact following a bench trial (filing 77) and the Eighth Circuit's decision (filing 100) reversing this Court's judgment and remanding the cause for further proceedings. This matter is now before the Court on the plaintiff's motion for an award of attorney's fees, interest, liquidated damages, and auditing costs (filing 108), through which the parties intend to resolve the issues remaining for the Court after remand.

The only issue addressed by the Eighth Circuit was whether the Court erred in applying the alter ego doctrine to justify its award of unpaid contributions for work performed by Jose Tovar. *See* filing 100 at 13. The plaintiffs (with one small exception) no longer seek damages for those contributions. *See* filing 109. But, generally summarized, the parties continue to dispute the following issues:

- Whether actual damages, prejudgment interest, and liquidated damages may be awarded for work Jose Tovar did on a particular Anderson Excavating project;

- Whether damages may be awarded for work performed by Jeff Hightree and Rodney Wachter;
- Whether prejudgment interest should be awarded and, if so, at what rate;
- How much the plaintiffs should be awarded in liquidated damages;
- Whether the plaintiffs can recover auditing expenses; and
- Whether attorney's fees should be awarded and, if so, in what amount.

*See* filing 110. But the Court's prior rulings on many of those issues are the law of the case, and the Court chooses to adhere to its previous rulings. As explained below, the Court declines to award any damages with respect to Jose Tovar's work, but will adhere to its previous rulings with respect to Hightree and Wachter, prejudgment interest, and auditing fees. The Court will also award attorney's fees, but will reduce the plaintiffs' fee request to reflect their lack of success on most of their claims.

### JOSE TOVAR

The Court will start with Jose Tovar. As noted, the Eighth Circuit held that the Court "legally erred in applying the alter ego doctrine to justify an award of unpaid contributions for Tovar's work." Filing 100 at 13. The plaintiffs continue to seek damages based on 18 hours from Anderson Excavating's payroll reports for work Tovar performed on the Stratcom project. *See* filing 108-1 at 4-5; *see also* filing 112 at 1-2. The plaintiffs argue that while the "Eighth Circuit clearly reversed and remanded the case back to this Court to exclude those amounts that were included under the alter-ego doctrine—the Eighth Circuit's decision did not extend an open invitation to re-litigate the entire amount of the underlying delinquency." Filing 112 at 2.

And that's true enough—but the Court isn't persuaded that the 18 hours the plaintiffs still seek payment for are separate from the rest of Tovar's work. And when an appellate court remands a case to the district court, all issues decided by the appellate court become the law of the case, and the district court on remand must adhere to any limitations imposed by the appellate court. *See United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995). Here, that limitation is: don't apply the alter ego doctrine.

The argument advanced at trial by Anderson Excavating with respect to Tovar was that he was employed by a separate entity and that the plaintiffs had "no right to make any claim to Jose Tovar because he is not employed by a party to the Collective Bargaining Agreement." Filing 76 at 18. The alter ego doctrine was the basis for the Court's rejection of that argument. Filing 77 at 18. And the plaintiffs have provided the Court with no alternate basis to conclude that Tovar's 18 hours of work on the Stratcom project, as an employee of Anderson Plus, were subject to any collective bargaining agreement.

Accordingly, the Court agrees with Anderson Excavating that Tovar was not a covered employee, and will not award unpaid contributions, prejudgment interest, or liquidated damages for his work on the Stratcom project.

JEFF HIGHTREE AND RODNEY WACHTER

But Anderson Excavating doesn't stop with Tovar: it also argues that the Court should not award unpaid contributions (or anything else) based on work performed by Jeff Hightree and Rodney Wachter. The Court's determination to the contrary, however, is the law of the case.

Under the law-of-the-case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *In re Tri-State Fin., LLC*, 885 F.3d 528, 533 (8th Cir. 2018). This principle applies to both appellate decisions and trial court

decisions that have not been appealed. *Id*. The Court recognizes that it is *bound* by its own prior rulings only to the extent the appellate court explicitly or implicitly adopted those findings in resolving the appeal. *Id*.; *see Musacchio v. United States*, 136 S. Ct. 709, 716 (2016). But the law of the case doctrine prevents the relitigation of settled issues in a case, thus protecting the settled expectations of the parties, ensuring uniformity of decisions, and promoting judicial efficiency. *Sprint Commc'ns Co., L.P. v. Lozier*, 860 F.3d 1052, 1056 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 669 (2018). So, a court should not reopen issues decided in earlier stages of the same litigation—instead, reopening issues already decided is only appropriate when a prior decision is clearly erroneous and would work a manifest injustice. *See Thompson v. Comm'r*, 821 F.3d 1008, 1011 (8th Cir. 2016); *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 898 (8th Cir. 2015).

The Court found for the plaintiffs at trial with respect to Hightree and Wachter's work, rejecting Anderson Excavating's argument that the plaintiffs failed to prove their claim. *See* filing 77 at 19. Anderson Excavating did not take issue with that finding on appeal, nor is it implicated by the Eighth Circuit's holding. So, the Court sees no basis to change its previous ruling.

## PREJUDGMENT INTEREST

Next, Anderson Excavating objects to the plaintiffs' request for prejudgment interest. Filing 110 at 5. That objection starts well enough: Anderson Excavating points out that prejudgment interest should not be awarded for any amount attributable to Tovar, filing 110 at 5, and as explained above, the Court agrees on that point. The Court disagrees, however, with Anderson Excavating's bold assertion that the Court should reject the plaintiffs' entire claim solely because it includes a bit more than the Court has elected to award. *See* filing 110 at 5-6. One bad apple might spoil a whole

bunch, but the Court is not persuaded that one unrecoverable item of damages should spoil a whole claim.

Anderson Excavating also reasserts its arguments with respect to the legal basis for awarding prejudgment interest. *See* filing 110 at 6-10. While the Eighth Circuit's holding "necessarily impact[ed]" the prejudgment interest award, filing 100 at 13, that impact was limited to the calculation of the award, not the legal basis for awarding it. On those matters, the Court will again reaffirm its previous ruling. *See* filing 77 at 20-21; filing 89 at 1-2.

The Court takes particular note of Anderson Excavating's complaint that the Court based its award of prejudgment interest on "a document which was never signed by Anderson, nor even shown to have been delivered to Anderson, labeled 'Delinquent Policy and Procedure'." Filing 110 at 6. According to Anderson Excavating, interest can't be based on that document because "[t]he document labeled 'Delinquent Policy and Procedure' was never accepted by Anderson and was not part of any 'plan' Anderson ever agreed to." But while the collective bargaining agreements required contributions to two multiemployer plans, interest on unpaid contributions is determined by the *plan*, not the collective bargaining agreement. 29 U.S.C. § 1132(g)(2). An employer is generally not party to a multiemployer plan, and Anderson Excavating points to no authority suggesting that an employer's assent to the terms of the plan is required—other, of course, than the employer's implicit assent to the plan when the employer contracts to contribute to the plan.

### LIQUIDATED DAMAGES

With respect to liquidated damages, Anderson Excavating argues that they should not include sums relating to Tovar. Filing 110 at 11. On that point, the Court agrees. Anderson Excavating also argues that they should not

include sums relating to Hightree or Wachter. Filing 110 at 11. On that point, the Court does not.

### AUDITING EXPENSES

After trial, the plaintiffs moved for auditing expenses as nontaxable costs, but the Court denied most of them, finding that they should have been pursued as damages. Filing 89 at 6. Now, the plaintiffs are moving for the entire sum again, *see* filing 108 at 2, without providing any reason for the Court to change its mind, *see* filing 112 at 4. Anderson Excavating correctly opposes such an award. Filing 110 at 12. But Anderson Excavating also opposes *any* award for auditing expenses, arguing that "the decision of the 8th Circuit demonstrates that the alleged post-filing 'audit' was effectively worthless." Filing 110 at 13.

The Court is not persuaded that the Eighth Circuit's opinion demonstrates anything, one way or the other, about whether the November 26, 2014 audit was worthwhile. But for the plaintiffs, the law of the case giveth, and the law of the case also taketh away—or, at least, denieth. The Court will award the plaintiffs auditing expenses as nontaxable costs in the amount of $475.00. *See* filing 89 at 6.

### ATTORNEY'S FEES

Finally, the plaintiffs move for $78,574.68 in attorney's fees. Filing 108 at 2. That's far in excess of the $38,331.00 the Court awarded during the first go-round. Filing 89 at 7. The Court's reasoning the first time is important:

> The Court has been presented with what are effectively two sets of bills for the same services. *See* filing 79-1 at 17-121. That makes a certain degree of sense: the billing suggests that the

Health and Welfare Plan and Pension Plan were billed separately. But the plaintiffs' evidence indicates that counsel's hourly rate of $155 was fair and reasonable. *See*, filing 79-3; filing 87-1. There are two problems with that. The first is basic mathematics: the bills reflect charges at an hourly rate of $150. The second is that billing for the same services twice at $150 an hour means that the effective rate is $300 per hour. And the plaintiffs are clearly representing that the two plans were each charged for each bill. See filing 79-1 at 16.

It is not clear how the Court is to make sense of this, but the bottom line is that the only evidence before the Court regarding an hourly rate for the plaintiffs' counsel is that $155 per hour is fair and reasonable. Adjusting the $150 rate reflected in the billing to $155 per hour, and eliminating duplicate billing, results in total attorney's fees of $38,331.

Filing 89 at 2-3.

The plaintiffs' counsel have now explained their records: because the case involves two funds, they divide the *time* spent on the case equally between the two clients. Filing 108-2 at 4. And with that explanation in mind, the records make more sense. For instance, plaintiffs' counsel billed a total of 9 hours to each of the plans for attending two full days of trial. Filing 108-3 at 65-66, 75-76. That's enough to support revisiting the issue. *See Maxfield v. Cintas Corp., No. 2*, 487 F.3d 1132, 1135 (8th Cir. 2007). And having done so, the Court now finds that there is at least evidentiary support for the plaintiffs' fee request.

But that also means the Court must revisit the question of whether those fees are reasonable. The starting point for determining attorneys' fees is the

"lodestar," which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Orduno v. Pietrzak*, No. 17-3437, 2019 WL 3489089, at *6 (8th Cir. Aug. 1, 2019). The Court must be mindful of both redundant and excessive hours. *Id*. And degree of success is also an important factor in determining a reasonable award of attorney's fees: the Court must take account of other considerations that may lead it to adjust the fee upward or downward, including the important factor of the results obtained. *Id*.; *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 429 (8th Cir. 2017).

In considering how the results obtained should affect attorney's fees, the Court considers two questions. *Dindinger*, 853 F.3d at 429. First, did the plaintiffs fail to prevail on claims that were unrelated to the claims on which they succeeded?[1] *Id*. When plaintiffs have prevailed on some claims but not on others, they may be compensated for time spent on unsuccessful claims that were related to their successful claims, but not for time spent on unsuccessful claims that were distinct in all respects from their successful claims. *Hernandez v. Bridgestone Americas Tire Operations, LLC*, 831 F.3d 940, 948 (8th Cir. 2016). Second, did the plaintiffs achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? *Dindinger*, 853 F.3d at 429.

Previously, the Court found that the hourly rate of $155 for plaintiffs' counsel was fair and reasonable, and sees no basis to upset that determination. And the Court found—although it was a close question—that the sum of $38,331 was appropriate, despite the plaintiffs' relatively modest recovery of damages, because Anderson Excavating was equally responsible for the scope

---

[1] Claims are related, and hence deserving of compensation, if they involve a common core of facts or are based on related legal theories. *Id*.

of the litigation, and there were nonmonetary aspects to the award that also had value to the plaintiffs. Filing 89 at 3-4.

The sum of $78,574.68 is another matter. The Court does find that the claims on which the plaintiffs were unsuccessful were related to their successful claims. *See Hernandez,* 831 F.3d at 948. But—even considering Anderson Excavating's shared culpability, and the nonmonetary success that the plaintiffs achieved—the plaintiffs did not achieve a level of success that makes the hours reasonably expended a satisfactory basis for the award they seek. *See Dindinger,* 853 F.3d at 429.

The Court will cut the plaintiffs' request in half. That amount, the Court finds, is sufficiently proportional to the plaintiffs' degree of success, both monetary and nonmonetary, and considering the extent to which the plaintiffs' expenses were engendered by Anderson Excavating's recalcitrance and sloppy bookkeeping. It is also an amount sufficient to encourage Anderson Excavating to be more reasonable and careful going forward, and a reduction sufficient to encourage the plaintiffs to take a more measured approach to their pursuit of claims against employers. The Court will award $39,287.34 in attorney's fees.

IT IS ORDERED:

1. Judgment will be entered against the defendant and for the plaintiffs in the total amount of $53,363.72, consisting of:

    a. $4,285.88 in unpaid contributions;

    b. $4,657.75 in prejudgment interest;

    c. $4,657.75 in liquidated damages;

  d. $39,287.34 in attorney's fees; and

  e. $475.00 in nontaxable costs.

2. A separate judgment will be entered.

Dated this 21st day of August, 2019.

        BY THE COURT:

        *John M. Gerrard* (signature)
        John M. Gerrard
        Chief United States District Judge